UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TADD A. SHERWOOD,

                                    Plaintiff,

                                                              6:25-CV-1825
            v.                                              (AMN/DJS)

DANIEL P. MAZZARELLA, *et al.*,

                                    Defendants.

_____

APPEARANCES:

TADD A. SHERWOOD
Plaintiff, *Pro Se*
Oneonta, New York 13403

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

        Plaintiff *pro se* filed this Complaint asserting a claim under 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments.  Dkt. No. 1, Compl., p. 10.  Plaintiff has filed an application for leave to proceed *in forma pauperis*, Dkt. No. 6, which this Court has granted by separate order.  The Complaint sets forth an intensely fact-specific recitation of events between 2022 and 2025, involving numerous encounters with named members of the New York State Police which resulted in Plaintiff being arrested on several occasions.  *See generally* Compl.  Plaintiff alleges, among other things, that he

- 1 -

was unlawfully stopped and searched, improperly questioned, and that a private citizen was enlisted to obtain evidence against him.  *Id.*

## I. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## II. ANALYSIS

A court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . . ;

- 3 -

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citations and internal alterations omitted). Twelve of the individuals named by Plaintiff as Defendants have no specific factual allegations made against them in the Complaint. Those individuals, Skinner, Hicks, Parslow, Marshall, Greenman, Burkert, Brown, Marinelli, Gombosi, Bajrektarevic, Casale, and Asbach, are not alleged to have engaged in any specific wrongdoing. Where, as here, the pleading "does not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal" dismissal is appropriate. *Powell v. Marine Midland Bank*, 162 F.R.D. at 16. The Complaint, therefore, should be dismissed as to them.

A court should avoid dismissal of complaints filed by individuals proceeding *pro se* without first granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Because Plaintiff may be able to make allegations against these

- 4 -

Defendants, the Court recommends that he be permitted to amend his Complaint to do so if he wishes.

The Second Circuit has made clear that "a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) "This special solicitude most often consists of liberal construction of pleadings, motion papers, and appellate briefs." *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (internal quotation and citation omitted). As a result, this Court should "afford a *pro se* litigant 'special solicitude' by interpreting a complaint filed *pro se* 'to raise the strongest claims that it suggests.'" *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). In light of these standards, the Complaint contains sufficient allegations to warrant a responsive pleading from the remaining Defendants. The scope of review here is limited to whether Plaintiff has alleged an arguable claim, not whether Plaintiff can ultimately prevail. Nor does this Order address whether Plaintiff's Complaint would be sufficient to avoid dismissal upon the filing of a proper motion.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED as set forth above, but otherwise permitted to proceed**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: April 7, 2026
   Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from  the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).