**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TADD A. SHERWOOD,

               Plaintiff,

   v.                                             6:25-cv-01825 (AMN/DJS)

DANIEL P. MAZZARELLA, *et al.*,

               Defendants.

---

**APPEARANCES:**                                 **OF COUNSEL:**

**TADD A. SHERWOOD**
510 Main Street
Oneonta, New York 13820
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

## I.    INTRODUCTION

On December 29, 2025, Plaintiff *pro se* Tadd A. Sherwood commenced this action and asserted violations of his Fourth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 ("Section 1983") against numerous members of the New York State Police.  *See* Dkt. No. 1 ("Complaint").  Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP").  *See* Dkt. Nos. 2, 6.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on April 7, 2026, granted Plaintiff's motion for leave to proceed IFP, *see* Dkt. No. 10, and recommended that Plaintiff's Complaint (i) be dismissed with leave to amend as to Defendants Skinner, Hicks, Parslow, Marshall, Greenman,

Burkert, Brown, Marinelli, Gombosi, Bajrektarevic, Casale, and Asbach, and (ii) proceed as to the remaining Defendants.  *See* Dkt. No. 11 at 4-5 ("Report-Recommendation").[1]  Magistrate Judge Stewart advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id*. at 6.  No party has filed objections, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See id.* at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Plaintiff alleges various encounters with members of the New York State Police between 2022 and 2025, several of which resulted in his arrest. *See generally* Dkt. No. 1. Plaintiff alleges, among other things, that he was unlawfully stopped, searched, and subsequently questioned, and that a private citizen was enlisted to obtain evidence against him. *See generally id.*

Magistrate Judge Stewart recommended that Plaintiff's Complaint be dismissed as to twelve of the Defendants for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Dkt. No. 11 at 3-5. Rule 8 requires a pleading to contain, *inter alia*, "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." *Id.* at 4 (quoting Fed. R. Civ. P. 8(a)).

Here, Magistrate Judge Stewart found that the Complaint should be dismissed as to Defendants Skinner, Hicks, Parslow, Marshall, Greenman, Burkert, Brown, Marinelli, Gombosi, Bajrektarevic, Casale, and Asbach because Plaintiff makes no specific factual allegations against any of them in the Complaint.  *Id.* at 4 (citing, *inter alia*, *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (finding dismissal appropriate where the pleading "does not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal")).  Magistrate Judge Stewart further recommended that Plaintiff be granted an opportunity to amend his Complaint to state a valid claim for relief with respect to such Defendants.  *See id.* at 4-5 (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (noting that courts should not dismiss a *pro se* complaint without first granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated")).

Additionally, Magistrate Judge Stewart recommended that Plaintiff's claims against the remaining Defendants proceed, finding that the Complaint "contains sufficient allegations to warrant a responsive pleading from the remaining Defendants."  *Id.* at 5 (citing, *inter alia*, *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (noting that this Court should "afford a *pro se* litigant 'special solicitude' by interpreting a complaint filed *pro se* 'to raise the strongest claims that it suggests'" (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)))).

Having reviewed the Report-Recommendation and considered Magistrate Judge Stewart's findings, the Court finds no clear error in the Report-Recommendation.  Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 11, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and with leave to amend as to Defendants Skinner, Hicks, Parslow, Marshall, Greenman, Burkert, Brown, Marinelli, Gombosi, Bajrektarevic, Casale, and Asbach, and proceed as to the remaining Defendants**; and the Court further

**ORDERS** that any Amended Complaint must be filed within thirty (30) days of the date of this Order; and the Court further

**ORDERS** that if Plaintiff timely files an Amended Complaint, the Amended Complaint is referred to Magistrate Judge Stewart for further review; and the Court further

**ORDERS** that if Plaintiff fails to timely file an Amended Complaint, the matter is referred to Magistrate Judge Stewart for any orders relating to service of the surviving claims against the remaining Defendants; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 5, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge

5